**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Tony Martin Caine, Jr.,                      Civ. No. 15-0014 (DWF/BRT)

            Petitioner,

v.                                    **REPORT AND RECOMMENDATION**

State of Minnesota,

            Respondent.

---

Tony Martin Caine, Jr., MCF-Stillwater, 970 Pickett St. N., Bayport, MN 55003, *pro se* Petitioner.

Jean E. Burdorf, Esq., Hennepin County Attorney's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

In October 2006, Tony Martin Caine, Jr., was convicted in Minnesota of first-degree murder. (*See* Doc. No. 1, Petition at 1); *State v. Caine*, 746 N.W.2d 339, 344–45, 349 (Minn. 2008). After unsuccessfully appealing his conviction and pursuing multiple rounds of state post-conviction relief, Caine filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 on December 30, 2014.[1] (*See* Petition at 2–4.) In his petition, Caine contends that his trial and appellate counsel rendered constitutionally ineffective assistance, that the state trial court abused its discretion in several respects, and that the state post-conviction court erred in failing to hold an evidentiary hearing. (*Id.*

---

[1]     Under the prison mailbox rule, Caine's petition is deemed filed on the date that he deposited it in the prison mailing system. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999); (Petition at 15).

at 5–10.) The State has moved to dismiss Caine's petition on grounds of untimeliness and procedural default. (Doc. No. 8, Resp't Mot. to Dismiss; *see also* Doc. No. 9, Resp't Mem. at 4–9.) Because this Court agrees that Caine's federal habeas petition is time-barred under the applicable one-year statute of limitations, it recommends that the State's motion to dismiss be granted and that Caine's petition be dismissed with prejudice.

## I.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal habeas petition, which runs from the latest of four possible triggering dates. 28 U.S.C. § 2244(d)(1). Only one of those dates is relevant here — "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] *Id.* § 2244(d)(1)(A). A criminal judgment becomes final when the U.S. Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (quotation omitted); *accord Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The federal limitations period, however, is statutorily tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending" in state court. 28 U.S.C. § 2244(d)(2). The

---

[2]   None of the other potential triggering dates are applicable in this case because there is no indication that Caine was prevented from filing his petition earlier due to an unlawful state-created impediment and his claims do not rely on any newly recognized constitutional rights or newly discovered facts that could not have been discovered earlier through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D); (Petition at 5–10).

limitations period is also subject to equitable tolling where the petitioner can demonstrate that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted).

The Minnesota Supreme Court affirmed Caine's first-degree murder conviction on direct appeal on March 27, 2008. *See Caine*, 746 N.W.2d at 345. Because Caine did not file a petition for a writ of certiorari with the U.S. Supreme Court, his conviction became final on June 25, 2008, upon expiration of the ninety-day deadline for seeking certiorari review. *See Gonzalez*, — U.S. at —, 132 S. Ct. at 653; Sup. Ct. R. 13.1; (Petition at 3). On that same date, Caine's one-year limitations period for filing a federal habeas petition began to run. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 27, 2009 — 275 days after his criminal judgment became final — Caine filed a state motion for post-conviction relief, which statutorily tolled the federal limitations period with 90 days remaining on the AEDPA clock. (*See* Petition at 3; Doc. No. 10, Resp't App. at 3, 26–41); 28 U.S.C. § 2244(d)(2). The state trial court denied the motion on May 13, 2009, and Caine's appeal to the Minnesota Supreme Court was dismissed on October 13, 2009, for failure to prosecute. (Resp't App. at 2–3, 11–18, 23–24.) The AEDPA clock resumed once those state collateral proceedings came to a close and expired ninety days later on January 11, 2010. Although Caine filed a second state motion for post-conviction relief in January 2013, which remained pending until September 4, 2013 (*see* Petition at 4; Resp't App. at 2, 47–53, 64–65), that motion did not—and could not—statutorily toll the federal limitations period because that period had

3

already expired three years earlier.[3] *See, e.g.*, *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.") (quotation omitted). Thus, by the time Caine filed his § 2254 petition on December 30, 2014, the federal limitations period had been expired for nearly four years.

Caine does not dispute the procedural timeline recounted above. He asserts, however, that he should be excused from the one-year deadline due to medical problems that he incurred in 2013, including multiple abdominal surgeries, which prevented him from working on legal matters. (*See* Petition at 13; Pet'r Resp. to Mot. to Dismiss at 2; Doc. No. 14 at 2–3.) He also contends that the Minnesota courts failed to timely inform him that his second state post-conviction motion had been denied. (*See* Petition at 4–5, 13; Pet'r Resp. to Mot. to Dismiss at 1; Doc. No. 14 at 1.) But even assuming for the sake

---

[3]   Caine's second post-conviction motion would also not toll the AEDPA period because it was found to be untimely under state law and, as such, was not "properly filed" within the meaning of § 2244(d)(2). (*See* Resp't App. at 50–51); *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005) (holding that when a state post-conviction motion is found to be untimely under state law, it is not "properly filed" under § 2244(d)(2)); *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (explaining that "if a state court finds that a motion fails to comply with filing requirements," including state time limits, "that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established and regularly followed").

of argument that the medical issues identified by Caine could warrant equitable tolling of the federal limitations period, that period had long expired by the time Caine experienced them in 2013. There was, quite simply, no period left to toll once Caine began suffering from the identified medical problems. Likewise, the fact that Caine may not have learned until well after the fact that the Minnesota courts had denied his second motion for post-conviction relief is irrelevant to the operation of the statute of limitations in this case; by the time Caine filed his second motion for post-conviction relief in state court, the federal limitations period had already been expired for approximately three years.

For the foregoing reasons, this Court recommends that the State's motion to dismiss be granted and that Caine's federal habeas petition be dismissed with prejudice as time-barred.[3] Moreover, because Caine's petition is clearly barred under AEDPA's one-year statute of limitations, such that reasonable jurists could not debate the matter, this Court further recommends that no certificate of appealability be granted in this case. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that where a habeas petition is denied on procedural grounds, a petitioner seeking a certificate of appealability must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

---

[3]    Because § 2244(d) clearly bars Caine from seeking federal habeas relief, this Court does not reach the State's alternative argument that Caine has procedurally defaulted his claims by failing to properly exhaust them in state court. (*See* Doc. No. 9 at 6–8.)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The State's motion to dismiss (Doc. No. 8) be **GRANTED**;

2. Caine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be **DISMISSED WITH PREJUDICE** as time-barred; and

3. No certificate of appealability be granted.

Date: April 27, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 11, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.